GEORGE KELTON *v.* MARY JACOBS, Executrix, and D. P. JACOBS, Executor.

1. PRACTICE. *Res adjudicata.* Suit dismissed for want of prosecution, and without examination on the merits, no bar to subsequent suit.

2. EVIDENCE. *Executor, etc.* The principal debtor in a judgment, but who was not party to the proceeding to revive against the stayor, is a competent witness as against the executor of the creditor, to prove that the debt had been paid.

Code cited: sec. 3813c.

FROM RUTHERFORD.

Appeal from the Circuit Court. WM. H. WILLIAMSON, J.

Kelton *v.* Jacobs.

J. M. AVENT for plaintiff.

'J. L. CANNON for defendants.

FREEMAN, J., delivered the opinion of the court.

This is a *scire facias* in favor of the executrix and executor to revive a judgment obtained by testator, on which George Kelton was stayor. The proceeding was prosecuted against the stayor alone, the principal debtor not having been served with due process.

Two questions only are presented in argument before us.

1. It is insisted the matter was *res adjudicata.*

There is nothing in this. A *sci. fa.* had been issued, and the party served. The plaintiffs failed to appear, and thereupon the suit was dismissed for want of prosecution, without any examination on the merits. This is no bar to subsequent suit.

2. It is insisted the court erred in refusing to allow the principal in the judgment to be examined as a witness to prove that the debt had been paid.

This objection is well taken. He was not party to the proceeding. He was equally liable for the debt to plaintiffs, whether Kelton succeeded or not. His interest would not be affected. If he had been directly interested, the act of 1869 removed his disability as a witness on this account. See Code, sec. 3813c. It is said he was excluded under the other section of this statute, providing that "in actions or proceedings by or against executors, administrators or

---

---

guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with, or statement by, the testator, intestate, or ward, unless called to testify by the other party or required to do so by the court." As the witness was not a party to this case, and would not relieve himself from any liability by his testimony, we cannot see how he was incompetent under this statute. If the result of proving the facts sought to be established by him had been to relieve him from his liability, the question might be held differently, under a liberal construction of the statute. But as no such result follows, the court erred in refusing to admit the testimony; and the case must be reversed, and remanded for a new trial.